Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VI)

| EL PUEBLO DE PUERTO RICO  Recurrido  v.  HERIBERTO GARCÍA PARRA  Peticionario | KLCE202401136 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce  Criminal núm.: JDC1998G0028 y otros  Sobre: Secuestro y otros |
|---|---|---|

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece ante este Tribunal de Apelaciones, y por derecho propio, el Sr. Heriberto García Parra (señor García Parra o peticionario) mediante el recurso de *Certiorari* de epígrafe solicitándonos que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (el TPI), el 17 de septiembre de 2024, notificada al día siguiente. Mediante este dictamen, se denegó la solicitud de pruebas genéticas.

Por los fundamentos que detallamos a continuación, denegamos la expedición del auto solicitado.

### I.

Del escueto escrito intitulado *Petición de Certiorari* surge que el peticionario cumple sentencia en el Complejo 501 de Bayamón, Industrial Luchetti Park. Asimismo, que aparentemente presentó ante el foro primario una moción al amparo de la Ley núm. 246-2015, conocida como la *Ley de Análisis de ADN Post Sentencia.* Examinada la misma el TPI la declaró No Ha Lugar.

Inconforme con el dictamen, el peticionario acude ante este foro apelativo imputándole al TPI la comisión de los siguientes errores:

> EL PETICIONARIO SOSTIENE QUE EL TRIBUNAL "A QUO" COMETIÓ ... ERROR ... AL DENEGAR UNA MOCIÓN CON UN SIMPLE "NO HA LUGAR" SIN ARGUMENTAR EN NINGÚN MOMENTO SOBRE LOS MÉRITOS DE LA MISMA Y CÓMO SE JUSTIFICA HABERLE DENEGADO EN DERECHO.
>
> ERROR EL TPI SALA DE PONCE AL DENEGAR NUESTRA MOCIÓN IGNORANDO TOTALMENTE EL DERECHO Y PASAR POR ALTO EVIDENCIA CIENTÍFICA QUE NO FUE CONSIDERADA POR EL TRIBUNAL DURANTE EL JUICIO LA CUAL CONSISTE EN EL ADN, EVALUACIÓN MÉDICA FORENSE Y EXAMEN FÍSICO DE LA PERSONA AGRAVADA.
>
> ERRÓ EL TPI SALA DE PONCE AL DENEGAR DE PLANO NUESTRA MOCIÓN SOLICITANDO EL ANÁLISIS QUE PERMITE LA TECNOLOGÍA, QUE PERMITE "ADN" MITOCONDRIAL.
>
> ERRÓ EL TPI SALA DE PONCE AL NO RECONOCER EL DERECHO QUE LE ASISTÍA A UNA ADECUADA REPRESENTACIÓN LEGAL SEGÚN SE ARGUMENTA EN LAS MOCIONES ANTERIORES COMO DISPONE LA SEXTA ENMIENDA CONST. E.U. Y EL DERECHO PROPIO EN FORMA POBRE.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), este tribunal tiene la facultad de prescindir de escritos con el propósito de lograr su más justo y eficiente despacho. En atención a lo anterior, eximimos a la Oficina del Procurador General de presentar su alegato.

Examinado el escrito presentado por el peticionario; así como el derecho aplicable, procedemos a disponer del presente recurso.

## II.

### *Auto de Certiorari*

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia,* 154 DPR 79, 90-92 (2001). Esta discreción ha sido definida en nuestro ordenamiento

jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia, supra,* a la pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error

manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Por su parte, en nuestro ordenamiento jurídico, la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un uso excesivo de discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia,* supra.

### III.

De entrada, precisa advertir que, a pesar de que el peticionario señaló los errores, que a su entender cometió el TPI, en su escrito no realizó una discusión de estos, según exige la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34. Más bien, en el acápite titulado discusión este solo reitera que la moción fue denegada sin que se expresara su fundamento.

A su vez, es meritorio destacar que el señor García Parra no incluyó en el apéndice las mociones a las que hace referencia en su escrito, lo que nos priva de ejercer una adecuada función revisora del dictamen recurrido.

De otra parte, Ley núm. 246-2015 establece los requisitos con los cuales el peticionario debe cumplir para obtener el mandamiento judicial. En específico, el Artículo 5 de la ley, 34 LPRA sec. 4024, dispone patentemente el contenido y los requisitos de la moción. Al respecto, apuntalamos que el requisito fundamental primario que exige el estatuto para que el tribunal pueda iniciar una evaluación de la solicitud, es la presentación de una moción juramentada que cumpla cabalmente con los requerimientos precisos contenidos en el estatuto. Como indicamos, el peticionario no acompañó en su escrito la moción presentada ante el TPI; por tanto, reiteramos que

no podemos ejercer nuestra función revisora en cuanto al cumplimiento con las formalidades impuestas por la ley.

Por último, indicamos que el Artículo 9 de la Ley núm. 246-2015, 34 LPRA sec. 4028, es clara al señalar que solamente cuando la solicitud cumple con todos los requisitos establecidos, es que el tribunal deberá señalar una vista argumentativa.

En conclusión, no están presentes ninguno de los criterios establecidos en la Regla 40 de nuestro Reglamento que nos persuada para la expedición del auto solicitado.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones